Filed 5/21/24  P. v. Leon CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>   v.<br><br>JOSE JUAN LEON,<br><br>   Defendant and Appellant. | D081873<br><br><br><br>(Super. Ct. No. SCD102189) |

APPEAL from an order of the Superior Court of San Diego County, Frederick Maguire, Judge.  Affirmed.

Patricia L. Brisbois, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier, Lynne G. McGinnis, and Ksenia Gracheva, Deputy Attorneys General, for Plaintiff and Respondent.

Petitioner Jose Juan Leon appeals from the March 16, 2023 order denying (at the prima facie stage) his petition for resentencing (Petition) under Penal Code[2] section 1170.95, renumbered and now section 1172.6. He claims the trial court engaged in inappropriate factfinding and failed to specify the portion of the record of conviction on which it relied; and instead should have issued an order to show cause and set the matter for an evidentiary hearing.

In an information filed in March 1994, the district attorney charged Leon and codefendant Rodney Alexander Pimentel with the murder of Skip Ruda. It further alleged that in committing the murder, Leon alone personally used a deadly and dangerous weapon (a knife). The jury convicted Leon of first degree murder (§ 187, subd. (a)) and found the personal use of a weapon enhancement true (§ 12022, subd. (b)). However, the jury was unable to reach a verdict as to Pimentel. The court sentenced Leon to 25 years to life in prison on the murder count, plus one year for the weapon enhancement. We affirmed the judgment in 1997. (See *People v. Leon* (Mar. 24, 1997, D023772) [nonpub. opin.].)

Leon filed his Petition in 2020. The trial court summarily denied it in August 2021. In December 2022 we reversed the order and remanded the matter with instructions that it appoint counsel for Leon and conduct further proceedings. (*People v. Leon* (Oct. 12, 2022, D079522) [nonpub. opin.].) On remand, the court ruled Leon was statutorily ineligible for relief under

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact." (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    All further statutory references are to the Penal Code.

section 1172.6, finding he was Ruda's "only killer." In making this finding, the court relied on the record of conviction, which included a certified copy of the abstract of judgment and our opinion in *Leon, supra,* D023772.

Effective 2019, the Legislature amended the Penal Code to " 'more equitably sentence offenders in accordance with their involvement in homicides.' " (*People v. Curiel* (2023) 15 Cal.5th 433, 448.) A defendant who participated but was not the direct perpetrator in a murder can no longer be convicted of murder based on imputed malice. (*People v. Basler* (2022) 80 Cal.App.5th 46, 54.) Rather, a murder conviction requires the defendant's personal actions and subjective intent. (*Ibid.*; see § 189, subd. (e) ["A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."].) Section 1172.6 provides a mechanism for previously convicted defendants who would not be convicted under current law to petition the court for relief. (§ 1172.6, subd. (a).)

A trial court reviewing a section 1172.6 petition must first determine if the petitioner made a prima facie showing of entitlement to relief. (*People v. Lewis* (2021) 11 Cal.5th 952, 971 (*Lewis*).) The court must generally take the petitioner's factual allegations as true, but it is not required to accept factual allegations that are conclusively refuted by the record of conviction. (*Ibid.*) Although the court is permitted to examine the record of conviction to assess

3

the petitioner's claim of eligibility, it may not engage in factfinding, weigh the evidence, or assess credibility. (*Id.* at pp. 971-972.) Similarly, the court may consider the procedural history contained in a prior appellate opinion but may not rely on the opinion's factual summary. (See *People v. Flores* (2022) 76 Cal.App.5th 974, 988 (*Flores*).)

The court may deny a petition at the prima facie stage only if the record of conviction establishes the petitioner is ineligible for relief as a matter of law. (*Lewis, supra,* 11 Cal.5th at p. 971.) Otherwise, the court must issue an order to show cause and allow the petitioner to submit additional relevant evidence. (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101; § 1172.6, subds. (c), (d).) We independently review the trial court's decision to deny a section 1172.6 petition for resentencing at the prima facie stage. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52 (*Harden*).)

Here, the trial court denied the Petition without issuing an order to show cause, finding Leon was the "only killer" of Ruda. (See § 1172.6, subd. (c).[3]) Although it appears the court *may* have impermissibly relied on the facts of our first *Leon* opinion in denying the Petition (see *Flores*, *supra*, 76 Cal.App.5th at p. 988), we conclude any such error was harmless as a matter of law. (See *Lewis*, *supra*, 11 Cal.4th at p. 973 ["Typically, when an

---

[3]     Subdivision (c) of section 1172.6 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

'error is purely one of state law, the *Watson* harmless error test applies.' "], citing *People v. Watson* (1956) 46 Cal.2d 818, 836; accord, *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892 ["the harmless error doctrine provides a reasonable method to avoid protracted hearings in past cases that are final and should stay that way"; failure to appoint counsel at the prima facie stage is state-law error subject to harmless-error analysis].)

The People's unopposed request for judicial notice (RJN) of the record in *Leon, supra,* D023772, which request we granted in February 2024, includes the jury verdict and jury instructions from petitioner's 1995 conviction. Of note, in instructing the jury the trial court *refused* to give CALJIC 3.02, "Principals -- Liability for Natural and Probable Consequences"; CALJIC 8.33, "Second Degree Felony-Murder -- In Pursuance of a Conspiracy"; and CALJIC 8.34, "Second Degree Felony-Murder -- Aider and Abettor (Penal Code, § 189)." "[I]f the record shows that the jury was not instructed on either the natural and probable consequences or felony-murder doctrines, then the petitioner is ineligible for relief as a matter of law." (*Harden*, *supra*, 81 Cal.App.5th at p. 52.) Leon also concedes that the "prior appellate record shows that the jury was instructed on only one theory of first degree murder based on premeditation and deliberation and that only aiding and abetting instructions were given." Thus, without engaging in factfinding involving the weighing of evidence or the exercise of discretion, the RJN shows as a matter of law that Leon is not entitled to relief under section 1172.6.

Moreover, in this court's *Harden* opinion and in the instant case the trial court gave CALJIC No. 8.10 when instructing the jury on the elements of murder. (*Harden*, *supra*, 81 Cal.App.5th at p. 58 [relying in part on this instruction to find that the defendant was the actual killer, thus denying her

5

petition for resentencing at the prima facie stage].)  It provides in relevant part:  "Every person who unlawfully *kills* a human being with malice aforethought is guilty of the crime of murder in violation of Section 187 of the Penal Code."  ( CALJIC No. 8.10, italics added.)  Thus, when the jury convicted Leon of first degree murder it necessarily found that *he* "kill[ed] a human being with malice aforethought" (*ibid.*), rendering him statutorily ineligible for relief under section 1172.6 (see *Harden, supra*, at p. 58).

DISPOSITION

The March 16, 2023 order denying Leon's Petition is affirmed.


McCONNELL, P. J.

WE CONCUR:



DO, J.



BUCHANAN, J.